**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:11-cr-00006-JPJ-PMS-1)

Submitted:  July 26, 2012                Decided:  August 9, 2012

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Debbie H. Stevens, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Luis Cruz pled guilty to possessing prohibited objects (weapons) while in a federal prison, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B) (2006). The district court, without a motion by the Government, elected to vary upward from Cruz's advisory Guidelines range of twenty-seven to thirty-three months' imprisonment and impose a forty-eight-month term of imprisonment, to be served consecutive to Cruz's original federal sentence. The district court also imposed a three-year term of supervised release.

Counsel for Cruz filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous appellate issues, but asking that we review the reasonableness of Cruz's sentence. Cruz filed a pro se supplemental brief in which he too challenges the reasonableness of the variant sentence and asserts that his conviction is invalid. For the reasons that follow, we reject these contentions and affirm the district court's judgment.

Turning first to Cruz's sentence, our standard of review is familiar: we review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). When a district court imposes a sentence that falls outside of the applicable Guidelines range,

2

"we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. Thus, even if this court could have reasonably selected a different sentence from that which the district court selected, "this fact alone is 'insufficient to justify reversal of the district court.'" United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

We conclude that Cruz's sentence is procedurally and substantively reasonable. The court properly calculated Cruz's advisory Guidelines range and considered the parties' arguments in favor of a twenty-seven-month sentence. Our review of the record persuades us that the district court's analysis of the 18 U.S.C. § 3553(a) (2006) sentencing factors as they applied to Cruz's case is adequate to support the upward variant sentence ultimately imposed.* We therefore hold that the variant sentence

---

* Specifically, the court opined that Cruz's history of narcotics offenses and violent crimes, which reflected his chronic recidivism, as well as the need to promote respect for
(Continued)

3

is both procedurally and substantively reasonable. See United States v. Hill, __ F.3d __, 2012 WL 2899395, at *7-*8 (4th Cir. July 17, 2012) (No. 11-4556) (holding upward variant sentence that was sixty months' greater than the defendant's Guidelines range was both procedurally and substantively reasonable because the sentencing court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence" was entitled to deference (internal quotation marks omitted)); see also United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (holding an upward variant sentence that was six years longer than the Guidelines range was substantively reasonable because the district court expressly relied on several of the § 3553(a) factors to support the variance), cert. denied, 131 S. Ct 2946 (2011).

We next consider Cruz's arguments pertaining to the validity of his conviction. Cruz asserts that he would not have pled guilty had he been properly informed (1) of the district court's authority to impose a sentence in excess of the advisory Guidelines range or (2) that he would not be permitted to

the law, provide deterrence, and protect the community from any future crime by Cruz, countenanced a sentence above the Guidelines range. The gravity of the offense also justified a longer sentence, the court explained, because both prison inmates and guards are frequently injured by the type of homemade weapons Cruz possessed.

4

withdraw his guilty plea in the event that the court rejected the Government's sentencing recommendation. Cruz further asserts that his attorney was constitutionally deficient for failing to advise him on these matters.

These claims are entirely belied by the record. The transcript of Cruz's Fed. R. Crim. P. 11 hearing reflects that Cruz was indeed informed of the court's authority to impose a sentence in excess of the advisory Guidelines range and to reject the Government's recommendation as to the appropriate sentence, and that he would not be permitted to withdraw his guilty plea if the court so exercised its sentencing discretion. We therefore reject these arguments to undermine the validity of Cruz's conviction and the ineffective assistance claim predicated on the same allegations. Lastly, because this is an Anders appeal, we have independently reviewed the plea colloquy conducted in this case and discern no prejudicial infirmity in that proceeding. Accordingly, we readily affirm Cruz's conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Cruz, in writing, of the right to petition the Supreme Court of the United States for further review. If Cruz requests that a petition be filed, but

5

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Cruz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>